DAVIS WRIGHT TREMAINE LLP
  Jacob M. Harper (SBN 259463)
  *jacobharper@dwt.com*
  Heather F. Canner (SBN 292837)
  *heathercanner@dwt.com*
  Peter K. Bae (SBN 329158)
  *peterbae@dwt.com*
865 South Figueroa Street, 24th Floor
Los Angeles, California 90017-2566
Telephone:  (213) 633-6800
Fax:  (213) 633-6899

*Attorneys for Defendant*
*Ralphs Grocery Company*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| LYVETTE GRIMES, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>RALPHS GROCERY COMPANY,<br><br>Defendant. | Case No. 23-cv-9086<br><br>**DEFENDANT RALPHS GROCERY COMPANY'S NOTICE OF REMOVAL**<br><br>[From the Superior Court of California, County of Los Angeles, No. 23STCV19687]<br><br>Compl. Filed:     August 17, 2023<br>Action Removed:  October 27, 2023 |

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

**TO THE CLERK AND TO PLAINTIFF AND HER ATTORNEYS:**

**PLEASE TAKE NOTICE** that defendant Ralphs Grocery Company (Ralphs) hereby removes this action from the Superior Court of the State of California for the County of Los Angeles to the United States District Court for the Central District of California.  Ralphs is entitled to remove this action to federal district court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 based on the following:

**State Court Action**

1.      On August 17, 2023, plaintiff Lyvette Grimes commenced this action in the Superior Court of the State of California in and for the County of Los Angeles, captioned *Lyvette Grimes v. Ralphs Grocery Company*, Case No. 23STCV19687 (the State Court Action).  A true and correct copy of the complaint in the State Court Action is attached hereto as **Exhibit 1** (the Complaint).  Ms. Grimes served the Complaint on Ralphs on September 27, 2023.

2.      Ms. Grimes's Complaint alleges Ralphs's front label statements of "Smoked Gouda" and "distinctive, smoky flavor" on its Private Selection – Smoked Gouda Sliced Cheese product (Smoked Gouda) "fail to disclose the addition of liquid smoke flavoring."  (Compl. ¶ 24.)  From this, Ms. Grimes contends Ralphs is in violation of 21 U.S.C. § 343(a), as well as two Food and Drug Administration regulations, 21 C.F.R. §§ 101.22(i)(1)(i) and 133.193(b).  (*Id*. ¶ 77.)  Ms. Grimes brings claims on behalf of a putative class of California consumers for violations of California's (1) Unfair Competition Law (UCL), Cal. Bus. & Prof. Code §§ 17200 *et seq*., (2) False Advertising Law (FAL), Cal. Bus. & Prof. Code §§ 17500 *et seq*., and (3) Consumers Legal Remedies Act (CLRA), Cal. Civ. Code §§ 1750 *et seq*., as well as (4) a claim for breach of express warranty.  (*Id*. ¶¶ 75–105.)  Ms. Grimes seeks, inter alia, declaratory relief, injunctive relief, "restitution and disgorgement," "[c]ompensatory damages," "punitive damages," "attorneys' fees," and "further

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

1  relief as this Court may deem just and proper." (*Id.* at pp. 16–17.)  Ralphs believes

2  Ms. Grimes's claims are meritless.

3        3.     In addition to the pleadings and filings mentioned above, all other

4  pleadings, processes, and orders served upon or received by Ralphs in the State

5  Court Action or found on the docket in that action are attached hereto.

6          a.     The Complaint is attached hereto as **Exhibit 1**;

7          b.     The Summons is attached hereto as **Exhibit 2**;

8          c.     The Civil Case Cover Sheet is attached hereto as **Exhibit 3**;

9          d.     The Alternate Dispute Resolution Packet is attached hereto as

10               **Exhibit 4**;

11          e.     The First Amended General Order re: Mandatory Electronic

12               Filing is attached hereto as **Exhibit 5**;

13          f.     The Voluntary Efficient Litigation Stipulation Packet is attached

14               hereto as **Exhibit 6**;

15          g.     The Notice of Case Assignment is attached hereto as **Exhibit 7**;

16          h.     The Initial Status Conference Order is attached hereto as

17               **Exhibit 8**;

18          i.     The Court Order Re: Newly Filed Class Action is attached

19               hereto as **Exhibit 9**;

20          j.     The Certificate of Mailing for Court Order Re: Newly Filed

21               Class Action is attached hereto as **Exhibit 10**;

22          k.     The Proof of Service of Summons & Complaint is attached

23               hereto as **Exhibit 11**;

24          l.     A copy of the docket in the State Court Action is attached hereto

25               as **Exhibit 12**.

26        4.     The State Court Action is removable to this Court because the Court

27  has original jurisdiction under 28 U.S.C. § 1332(d)(2), and the Central District of

28  California encompasses the location in which the State Court Action is currently

RALPHS'S NOTICE OF REMOVAL

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

1  pending (i.e., Los Angeles, California).  *See* 28 U.S.C. § 1332(d)(2)(A) ("The

2  district courts shall have original jurisdiction of any civil action in which the matter

3  in controversy exceeds the sum or value of $5,000,000, exclusive of interest and

4  costs, and is a class action in which … any member of a class of plaintiffs is a

5  citizen of a State different from any defendant"); *id.* § 1441(a) ("[A]ny civil action

6  brought in a State court of which the district courts of the United States have

7  original jurisdiction, may be removed by the defendant … to the district court of the

8  United States for the district and division embracing the place where such action is

9  pending."); *id.* § 84(c) (setting Los Angeles County in the Central District).

10  **The Action Is Removable Under the Class Action Fairness Act,**

11  **28 U.S.C. § 1332(d)**

12      5.      This Court has original jurisdiction pursuant to the Class Action

13  Fairness Act of 2005 (CAFA).  CAFA was enacted based on Congress's concern

14  that "cases involving large sums of money, citizens of many different States, and

15  issues of national concern, have been restricted to State courts even though they

16  have national consequences."  151 Cong. Rec. S1086-01, S1103 (Feb. 8, 2005).

17  CAFA's purpose is to allow "[f]ederal court consideration of interstate cases of

18  national importance."  28 U.S.C. § 1711, stat. note, subd. (b)(2).

19      6.      "[N]o antiremoval presumption attends cases invoking CAFA, which

20  Congress enacted to facilitate adjudication of certain class actions in federal court."

21  *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014).

22      7.      CAFA extends federal jurisdiction over class actions where:  (1) any

23  member of the proposed class is a citizen of a state different from any defendant

24  (i.e., minimal diversity exists); (2) there are at least 100 members in all proposed

25  plaintiff classes combined; (3) the amount in controversy exceeds $5 million; and

26  (4) no exception to jurisdiction applies.  *See* 28 U.S.C. § 1332(d).  As explained

27  below, each of these requirements is satisfied in this case.

28

RALPHS'S NOTICE OF REMOVAL

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

*The Minimal Diversity Requirement Is Satisfied*

8.      A putative class action is removable based on diversity jurisdiction if "any member of a class of plaintiffs is a citizen of a State different from any defendant."  28 U.S.C. § 1332(d)(2)(A).

9.      Ms. Grimes is a citizen and resident of California.  (Compl. ¶ 41.)  The putative class Ms. Grimes seeks to represent comprises "[a]ll persons in California who purchased the [Smoked Gouda] Product in California."  (*Id.* ¶ 65.)

10.     Ralphs is a corporation incorporated in Ohio and has its principal place of business in Cincinnati, Ohio.  Contrary to the Complaint's allegations (*see* Compl. ¶ 42 (alleging Ralphs has its "principal place of business in Los Angeles, Los Angeles County, California")), Ralphs is neither incorporated, nor does it have its principal place of business in, California.  A corporation is a citizen of every state in which it is incorporated and of the state it has its principal place of business. *See* 28 U.S.C. § 1332(c)(1).  Thus, Ralphs is a citizen of Ohio—not a citizen of California—for purposes of determining diversity.

11.     Therefore, sufficient (and minimal) diversity of citizenship exists between the relevant parties in this case.

*Plaintiff's Proposed Class Exceeds 100 Members*

12.     This action is a proposed "class action" under 28 U.S.C. § 1332(d)(1)(B), which is defined as "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action."

13.     To remove a class action under CAFA, "the number of members of all proposed plaintiff classes in the aggregate" must be at least 100.  28 U.S.C. § 1332(d)(5)(B).

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

RALPHS'S NOTICE OF REMOVAL

14.     Ms. Grimes seeks to represent a class composed of "[a]ll persons in California who purchased the Product in California during the statute of limitations for each cause of action alleged."  (Compl. ¶ 65.)

15.     According to Ms. Grimes's Complaint, "thousands of consumers" "bought" the Smoked Gouda product.  (Compl. ¶ 71.)

16.     Therefore, according to the Complaint, the members of Ms. Grimes's proposed class exceed 100.

### The Amount in Controversy Exceeds $5 Million

17.     Where, as here, "the plaintiff's complaint does not state the amount in controversy, the defendant's notice of removal may do so." *Dart Cherokee*, 574 U.S. at 84.  To establish the amount in controversy, a notice of removal "need not contain evidentiary submissions." *Id.*  Rather, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Id.* at 89.

18.     For purposes of removal only, and without conceding that Ms. Grimes or the putative class are entitled to any damages, remedies, or penalties whatsoever, the aggregated claims of the putative class, as pleaded in the Complaint, exceed the jurisdictional amount of $5,000,000 exclusive of interest and costs.  *See* 28 U.S.C. § 1332(d)(2); *see also Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 397 (9th Cir. 2010) (removing defendant need only show "potential damages could exceed the jurisdictional amount"); *Woods v. CVS Pharm., Inc.*, 2014 WL 360185, at *2 (C.D. Cal. Jan. 30, 2014) ("The ultimate inquiry is what amount is put 'in controversy' by the plaintiff's complaint, not what a defendant will *actually* owe.") (emphasis in original; alterations and quotations omitted).

19.     The Complaint seeks "restitution and disgorgement" of the monies Ralphs obtained based on the conduct alleged in the Complaint, which includes sales of products included in the class definition over an unspecified period of time. (Compl. at p. 16.)  The Complaint also seeks "[c]ompensatory damages."  (*Id.*)

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

5

RALPHS'S NOTICE OF REMOVAL

During the period 2019 through 2023, which is the time period for this Complaint, total sales of products appearing to comprise those included in the class definition (e.g., private-label holiday cheese) in California have exceeded $2 million.  Thus, without conceding that Ms. Grimes's alleged measure of damages would be the proper measure of relief for any of her claims, or that she or any putative plaintiff is entitled to any relief, based on Ralphs's sales in California from 2019 through 2023, it is reasonably possible that disgorgement or compensatory damages would exceed $2,000,000 in liability.

20.    The Complaint also seeks "punitive damages."  (Compl. at p. 16.) Juries regularly award punitive damages in cases involving CLRA claims at ratios higher than 1:1 compared to compensatory damages.  *See, e.g.*, *Greene v. Harley-Davidson, Inc.*, 965 F.3d 767, 772 (9th Cir. 2020) (defendant satisfied its burden of establishing the amount in controversy on removal "by citing four cases where juries had awarded punitive damages at ratios higher than 1:1 for claims based on the CLRA.").  Thus, without conceding that Ms. Grimes's alleged measure of damages would be the proper measure of relief for any of her claims, or that she or any putative plaintiff is entitled to any relief, it is reasonably possible that Ralphs could be liable for punitive damages exceeding $2,000,000.

21.    The Complaint also seeks attorneys' fees.  (Compl. at p. 17.)  In the Ninth Circuit, likely attorneys' fees should also be included in the amount in controversy.  *See, e.g.*, *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155 (9th Cir. 1998).  "The Ninth Circuit has established a 'benchmark' of 25 percent for awards of attorneys' fees in common fund cases."  *Van Vranken v. Atl. Richfield Co.*, 901 F.Supp. 294, 297 (9th Cir. 1995); *Bellinghausen v. Tractor Supply Co.*, 306 F.R.D. 245, 260 (N.D. Cal. 2015) (same); *Gutierrez v. Amplify Energy Corp.*, 2023 WL 3071198, at *3 (C.D. Cal. Apr. 24, 2023) (same).  Thus, attorneys' fees in the amount of 25 percent of the possible common fund should be included in the amount in controversy here.  Because it is reasonably possible that the common

RALPHS'S NOTICE OF REMOVAL

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

fund could amount to at least $4,000,000 (compensatory and punitive damages) attorneys' fees would amount to at least $1,000,000. This comports with numerous class action cases involving California consumer protection statute causes of action (such as claims under the UCL, CLRA, and warranties) and allegations of false or misleading sales practices, where attorneys have sought in excess of $1,000,000 million in attorneys' fees. *See, e.g., Hendricks v. Starkist Co.*, 2016 WL 5462423, at *10 (N.D. Cal. Sep. 29, 2016) (UCL, CLRA, false advertising, and implied warranty consumer protection class action; seeking approval of $4 million in fees); *Brown v. Hain Celestial Grp., Inc.*, 2016 WL 631880, at *7 (N.D. Cal. Feb. 17, 2016) (UCL and CLRA consumer protection class action; seeking approval in excess of $3 million in fees); *Retta v. Millennium Prods., Inc.*, 2017 WL 5479637, at *11 (C.D. Cal. Aug. 22, 2017) (same; seeking approval in excess of $2 million).

22.     In sum, based on Ms. Grimes's pleaded assertions and theories of recovery, the amount in controversy exceeds $5,000,000.

### *Exceptions to Jurisdiction Do Not Apply*

23.     The complete diversity between Ms. Grimes and Ralphs not only satisfies the minimal diversity requirements under CAFA, but also precludes the "local controversy" and "home state" exceptions in 28 U.S.C. § 1332(d)(3) & (d)(4), exemptions for which Ms. Grimes would bear the burden of proof in any event.

### **Ralphs Satisfies the Requirements of 28 U.S.C. § 1446**

24.     This Notice of Removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure. *See* 28 U.S.C. § 1446(a).

25.     This Notice of Removal has been filed within 30 days of September 27, 2023, the date Ms. Grimes served the Complaint on Ralphs, and from which it was first ascertainable this case was removable. *See* 28 U.S.C. § 1446(b)(2)(B).

26.     Concurrently with the filing of this Notice, Ralphs is giving written notice to all adverse parties and is filing a copy of this Notice with the clerk of the

RALPHS'S NOTICE OF REMOVAL

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

1 | Superior Court of the State of California in and for the County of Los Angeles. *See*

2 | 28 U.S.C. § 1446(d).

3 |     27.    Ralphs does not waive and expressly preserves all objections, defenses,

4 | and exceptions authorized by law, including but not limited to those pursuant to

5 | Rule 12 of the Federal Rules of Civil Procedure.

6 |     WHEREFORE, Ralphs removes the State Court Action to this Court.

7 |

8 | DATED:  October 27, 2023        DAVIS WRIGHT TREMAINE LLP

9 |

10 |         By: /s/ Jacob M. Harper

           Jacob M. Harper

11 |         *Attorneys for Defendant*

        *Ralphs Grocery Company*

12 |
13 |
14 |
15 |
16 |
17 |
18 |
19 |
20 |
21 |
22 |
23 |
24 |
25 |
26 |
27 |
28 |

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

## PROOF OF SERVICE BY U.S. MAIL

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action.  My business address is Davis Wright Tremaine LLP, Suite 2400, 865 South Figueroa Street, Los Angeles, California 90017-2566.

On October 27, 2023, I served the foregoing documents as follows:

**DEFENDANT RALPHS GROCERY COMPANY'S NOTICE OF REMOVAL** by placing a **true copy** of said document(s) enclosed in a sealed envelope(s) for each addressee named below, with the name and address of the person served shown on the envelope as follows:

| | |
|---|---|
| Spencer Sheehan | Kyle Gurwell |
| spencer@spencersheehan.com | kng@lawofficekg.com |
| Sheehan & Associates, P.C. | Law Office of Kyle Gurwell |
| 60 Cuttermill Road, Suite 412 | 7755 Center Avenue, Suite 1100 |
| Great Neck, NY  11021 | Huntington Beach, CA  92647 |

*COUNSEL FOR PLAINTIFF*

I placed such envelope(s) with postage thereon fully prepaid for deposit in the United States Mail in accordance with the office practice of Davis Wright Tremaine LLP, for collecting and processing correspondence for mailing with the United States Postal Service.  I am familiar with the office practice of Davis Wright Tremaine LLP, for collecting and processing correspondence for mailing with the United States Postal Service, which practice is that when correspondence is deposited with the Davis Wright Tremaine LLP, personnel responsible for delivering correspondence to the United States Postal Service, such correspondence is delivered to the United States Postal Service that same day in the ordinary course of business.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

1

RALPHS'S NOTICE OF REMOVAL

1       Executed on October 27, 2023, at Los Angeles, California.

2

3

4            Shari Sanders

             Print Name                    Signature

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

RALPHS'S NOTICE OF REMOVAL

2

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899