# United States District Court
# Central District of California
# Western Division

| | |
|---|---|
| LYVETTE GRIMES, *etc.*,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>RALPHS GROCERY COMPANY,<br><br>　　　　Defendant. | CV 23-09086 TJH (PDx)<br><br><br>Order |

　　　The Court has considered Plaintiff Lyvette Grimes's motion to remand [dkt. # 10] and Plaintiff Ralphs Grocery Company's ["Ralphs"] motion to dismiss [dkt. # 12], together with the moving and opposing papers.

　　　On August 17, 2023, Grimes filed this putative class action consumer protection case against Ralphs. Grimes alleged that consumers were misled by the labeling of Ralphs' Private Selection Sliced Smoked Gouda Cheese because it failed to state that it contained smoke flavor.

　　　On October 27, 2023, Ralphs removed pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d).

On November 27, 2023, Grimes filed her motion to remand, and noticed it for December 4, 2023 – just 8 days after it was filed. Local Rule 6-1 requires motions to be filed no less than 28 days before the noticed hearing or submission date. Further, Grimes failed to conduct a conference of counsel seven days prior to the filing of her motion, as required by Local Rule 7-3. Grimes's counsel indicated that he attempted to schedule a conference on the same day that he filed the motion, and he offered to withdraw the motion if the parties can reach an agreement. However, neither of those satisfies the pre-filing requirements of Local Rule 7-3.

On December 4, 2023, Ralphs filed the instant motion to dismiss, pursuant to Fed. R. Civ. P. 12(b)(6) and 9(b).

On December 26, 2023, Grimes filed a first amended complaint, thereby mooting Ralphs' motion to dismiss.

In her first amended complaint, Grimes alleged claims for: (1) Violation of California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200, *et seq*. ["UCL"]; (2) Violation of California's False Advertising Law, Cal. Bus. & Prof. Code § 17500, *et seq*.; and (3) Violation of California's Consumers Legal Remedies Act, Cal. Civ. Code § 1750, *et seq*.

Because only equitable remedies are available for UCL claims, for the Court to have equitable jurisdiction over Grimes's UCL claim, here, she must have alleged that all available legal remedies are inadequate. *See Sonner v. Premier Nutrition Corp.*, 971 F.3d 834, 844 (9th Cir. 2020). However, Grimes failed to allege that all available legal remedies are inadequate. Consequently, the Court lacks equitable jurisdiction over her UCL claim. *See Sonner*.

Accordingly,

It is Ordered that Plaintiff's motion to remand be, and hereby is, Stricken for failure to comply with Local Rules 6-1 and 7-3.

1    **It is further Ordered** that Defendant's motion to dismiss be, and hereby is, **Denied** as moot.

   **It is further Ordered** that Plaintiff's claim for violation of California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200, *et seq.*, be hereby is, **Dismissed**, without prejudice for lack of equitable jurisdiction.

Date: February 5, 2024

_____
               **Terry J. Hatter, Jr.**
     **Senior United States District Judge**