JS-6

# United States District Court
# Central District of California
# Western Division

| | |
|---|---|
| LYVETTE GRIMES,<br><br>      Plaintiff,<br><br>  v.<br><br>RALPHS GROCERY COMPANY,<br><br>      Defendant. | CV 23-9086 TJH (PDx)<br><br><br>Order |

    The Court has considered Plaintiff Lyvette Grimes's motion to dismiss this action with prejudice [dkt. # 35], together with the moving and opposing papers.

    Between August, 2020, and August, 2023, Grimes purchased a sliced cheese product from Ralphs that was labeled as "Smoked Gouda." ["the Product"].

    On August 17, 2023, Grimes filed this putative class action in Los Angeles Superior Court, alleging that the Product's label was misleading to consumers because it did not indicate that smoke flavor – in the form of liquid smoke, also known as pyroligneous acid – was added to the Product. Specifically, she alleged claims for breach of express warranty; violation of California's Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200, *et seq*. ["UCL"]; violation of California's False

Advertising Law, Cal. Bus. & Prof. Code §§ 17500, *et seq.*; and violation of California's Consumer Legal Remedies Act, Cal. Bus. & Prof. Code §§ 1750, *et seq.*. On October 27, 2023, Ralphs removed pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d).

On December 26, 2023, Grimes filed her First Amended Complaint ["FAC"], which set forth additional facts and dropped her claim for breach of express warranty.

On February 5, 2024, the Court dismissed Grimes's UCL claim for lack of equitable jurisdiction. Then, on February 8, 2024, Ralphs moved to dismiss the remaining claims in the FAC, pursuant to Fed. R. Civ. P. 12(b)(6) and 9(b). Thereafter, on August 9, 2024, the Court denied Ralphs's motion.

On August 23, 2024, Ralphs filed its Answer to the FAC.

Grimes, now, moves to dismiss this action with prejudice.

**Motion to Dismiss**

Because Ralph's has already filed its answer, Grimes cannot voluntarily dismiss this action without a stipulation or Court order. *See* Fed. R. Civ. P. 41(a). While Ralphs's did not oppose the requested dismissal with prejudice, it argued that Grimes should be required to pay its attorneys' fees and costs as a condition of the dismissal. *See* Rule 41(a)(2). However, the Ninth Circuit has held that a defendant is entitled to attorneys' fees and costs as a condition of a Rule 41 dismissal only when there is a risk of further litigation. *Koch v. Hankins*, 8 F.3d 650, 652 (9th Cir. 1993). Here, there is no risk of further litigation because Grimes requested that the dismissal be with prejudice. *See Koch*. Accordingly, Ralphs is not entitled to attorneys' fees and costs as a term of the dismissal.

Ralphs, also, argued that it is entitled to an award of its attorneys' fees and costs as the prevailing party, pursuant to Fed. R. Civ. P. 54(d). However, Ralphs cannot seek affirmative relief by way of an opposition brief. *See* Fed. R. Civ. P. 7(b)(1).

Accordingly,

1  **It is Ordered** that Plaintiff Lyvette Grimes's motion to dismiss this action with
2  prejudice be, and hereby is, **Granted**.

4  **It is further Ordered** that Grimes's motion for leave to file a second amended
5  complaint be, and hereby is, **Denied**, as moot.

7  Date: July 18, 2025

_____
Terry J. Hatter, Jr.
Senior United States District Judge