# United States District Court
# Central District of California
# Western Division

| | |
|---|---|
| LYVETTE GRIMES,<br>Plaintiff,<br>v.<br>RALPHS GROCERY COMPANY,<br>Defendant. | CV 23-9086 TJH (PDx)<br><br>**Order** |

The Court has considered Defendant Ralphs Grocery Company's ["Ralphs"] motion for attorney's fees [dkt. # 41], together with the moving and opposing papers.

Between August, 2020, and August, 2023, Plaintiff Lyvette Grimes allegedly purchased a sliced cheese product from Ralphs that was labeled as "Smoked Gouda" ["the Product"]. On August 17, 2023, Grimes filed this putative class action in Superior Court alleging that the Product's label was misleading to consumers because it did not indicate that smoke flavor was added to the Product. Specifically, she alleged claims for breach of express warranty; violation of California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200, *et seq*. ["UCL"]; violation of California's False

Advertising Law, Cal. Bus. & Prof. Code § 17500, *et seq*.; and violation of California's Consumer Legal Remedies Act, Cal. Civ. Code § 1750, *et seq*. ["CLRA"].

On October 27, 2023, Ralphs removed pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d) ["CAFA"]. On November 27, 2023, Grimes moved to remand, arguing that Ralphs did not plausibly establish CAFA's minimum $5,000,000.00 amount in controversy requirement. Then, on December 4, 2023, Ralphs moved to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) and 9(b). Thereafter, on December 26, 2023, Grimes filed her First Amended Complaint ["FAC"], which set forth additional facts and dropped her claim for breach of express warranty.

On February 5, 2024, the Court issued an order striking Grimes's motion to remand for failure to comply with Local Rules 6-1 and 7-3, denying Ralphs's motion to dismiss the original complaint as moot, and dismissing Grimes's UCL claim for lack of equitable jurisdiction.

On February 8, 2024, Ralphs moved to dismiss, pursuant to Fed. R. Civ. P. 12(b)(6) and 9(b), the remaining claims in the FAC. On August 9, 2024, the Court denied that motion.

On June 2, 2025, Grimes moved to voluntarily dismiss, with prejudice. On July 18, 2025, the Court dismissed this case with prejudice.

Ralphs, now, moves for attorney's fees.

**Grounds for Attorney's Fees**

Ralphs is seeking at least $275,000.00 in attorney's fees, from both Grimes and her counsel, based on the following: (1) As the prevailing defendant on the CLRA claim; (2) As a sanction pursuant to 28 U.S.C. § 1927; and (3) As a sanction pursuant to the Court's inherent authority.

Grimes's attorney of record, here, is Kyle Gurwell. At a minimum, Gurwell has been assisted by Spencer Sheehan, a New York attorney. In Grimes's original complaint, filed in the Superior Court, there was a note that Sheehan would be filing

an application to appear *pro hac vice*. However, Sheehan never submitted a *pro hac vice* application in the Superior Court or here in the Central District of California. Consequently, Ralphs argued that because Sheehan never filed a *pro hac vice* application, the Court should sanction him for the unauthorized practice of law.

**California's Consumer Legal Remedies Act**

CLRA provides, in Cal. Civ. Code § 1780(e), that the Court must award reasonable attorney's fees and costs to the prevailing defendant if the plaintiff's prosecution of the CLRA claim was done in bad faith. *Shisler v. Sanfer Sports Cars, Inc.*, 167 Cal. App. 4th 1, 9 (2008). Ralphs bears the burden, here, to provide evidence that conclusively demonstrates that Grimes and her counsel prosecuted her CLRA claim in bad faith. *See Shisler*, 167 Cal. App. 4th at 9. The Court may, also, consider evidence of an improper motive, as established by the circumstances. *Corbett v. Hayward Dodge, Inc.*, 119 Cal. App. 4th 915, 926 (2004).

Ralphs argued, here, that Grimes's subjective bad faith can be inferred from: (1) The continued prosecution of her claims after she disclosed that her allegations were false; (2) Sheehan's unauthorized practice of law; (3) The other baseless cases Sheehan filed on behalf of other plaintiffs against Ralphs and its affiliate, Kroger; and (4) Sheehan's history of being sanctioned.

Preliminarily, the Court notes that, unlike in the other cases cited to the Court by Ralphs, Grimes's breach of express warranty and CLRA claims, here, survived Ralphs's Fed. R. Civ. P. 12(b)(6) challenge because the Court determined that those claims satisfied the plausibility standard of *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

As to its false allegation theory, Ralphs argued that, based on Grimes's responses to Ralphs's interrogatories numbers 5, 8, and 9, Grimes's counsel fabricated the allegations in her complaints. Those interrogatories asked Grimes to state all facts which supported her allegations that described her reliance and deception on the Product's label. Her response was:

> The factual basis for the allegations identified is the knowledge of Plaintiff's Counsel, acquired through experience and cases … . Plaintiff is unaware of all facts that support her allegation[s] in Paragraph [70, 72, 73] of her Complaint.

Ralphs argued that Grimes's allegations lacked merit because she admitted that her allegations were based on her counsel's knowledge rather than her own personal knowledge. However, while Grimes identified Gurwell and Sheehan in her response to Ralphs's interrogatory number 3, which asked her to identify each person likely to have knowledge of any facts related to her allegations, Grimes, also, identified herself. Moreover, because Ralphs's interrogatories were awkwardly worded and confusing, Grimes's responses were also awkwardly worded and confusing. Consequently, that awkwardness and confusion cannot reasonably be the basis to conclude that Grimes acted in bad faith.

Next, Ralphs's argued that Sheehan illegally practiced law in California and that Sheehan perpetuated a fraud on the Court because he never applied for *pro hac vice* admission. First, Ralphs's argument that Sheehan defrauded the Court is a bit farfetched and unsubstantiated. Second, Sheehan declared that he assisted Gurwell and performed work at Gurwell's request. Ralphs presented no evidence to establish that Sheehan's declaration was false. And, Ralphs provided no authority to support its conclusion that an out of state attorney illegally practices law in California whenever that out of state attorney assists a California attorney on a California case.

As to Ralphs's argument that Sheehan had filed, on behalf of other plaintiffs, five other meritless cases against Ralphs and Kroger regarding smoked gouda products, those other cases do not establish that Gurwell and Grimes acted, here, in bad faith. Likewise, Sheehan's history of sanctions does not prove that this case lacked merit.

In sum, Ralphs failed to meet its burden to establish that Grimes prosecuted her claims, here, in bad faith. Consequently, Ralphs is not entitled to attorney's fees under CLRA.

**28 U.S.C. § 1927**

Under 28 U.S.C. § 1927, an attorney may be ordered to pay excess costs, expenses, and attorney's fees for unreasonably and vexatiously multiplying the proceedings by knowingly or recklessly raising a frivolous argument, or for harassing an opponent. *Lake v. Gates*, 130 F. 4th 1064, 1070 (9th Cir. 2025).

Ralphs argued that Grimes and her counsel should be sanctioned under § 1927 because her counsel's failure to initially investigate the factual bases of her claims forced Ralphs to defend itself against factually false claims for nearly two years. The Court notes that Ralphs does not seek sanctions, here, pursuant to Fed. R. Civ. P. 11, which permits sanctions when an attorney files a baseless document without first conducting a reasonable and competent inquiry. *Lake*, 130 F. 4th at 1069.

Ralphs, further, argued that because other federal courts had imposed § 1927 sanctions against Sheehan and his other clients for litigating frivolous false advertising claims in bad faith, he should, likewise, be sanctioned, here. However, the Court must look to the specific facts of this case to determine whether Sheehan acted unreasonably and vexatiously, here. *See Lake*, 130 F. 4th at 1070. Based on the specific facts of this case, the Court cannot conclude that Sheehan acted unreasonably and vexatiously, here.

In sum, Ralphs failed to establish that § 1927 sanctions should be imposed, here.

**Inherent Power of the Court**

Finally, the Court has the inherent power to assess attorney's fees as a sanction against a party or counsel who acted in bad faith, vexatiously, wantonly, or for oppressive reasons. *Lu v. United States*, 921 F.3d 850, 859 (9th Cir. 2019). That inherent power exists to enable the Court to manage its own affairs as it orderly and expeditiously resolves cases. *Lu*. However, the Court's inherent power to sanction must be used with restraint and discretion. *B.K.B v. Maui Police Dept.*, 276 F.3d 1091, 1107 (9th Cir. 2002).

Because Ralphs failed to establish that Grimes or her counsel acted in bad faith

or engaged in willful misconduct, as discussed above, it would be an abuse of discretion for the Court to sanction either of them based on the Court's inherent power.

Accordingly,

**It is Ordered** that the motion for attorney's fees be, and hereby is, **Denied**.

Date: January 20, 2026

Terry J. Hatter, Jr.
Senior United States District Judge